-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DUNCAN J. MCNEIL, III,

        Petitioner,

                                        05-CV-0445F

-v-

                                        MEMORANDUM and ORDER

UNITED STATES AND ITS OFFICERS AND
AGENCIES; CLERK, U.S. DISTRICT COURT-WDNY;
CLERK, U.S. BANKRUPTCTY COURT-WDNY;
U.S. ATTORNEY-WDNY; OFFICE OF U.S. TRUSTEE-WDNY;
U.S. MARSHAL SERVICE;-WDNY; FBI-WDNY;
IRS-WDNY; and SECRET SERVICE-WDNY, and their officers ,

        Respondents.

---

Plaintiff, an inmate at the Spokane, Washington County Jail and vexatious litigant, who has filed dozens of actions in the United States District Court, Eastern District of Washington, and other district courts throughout the country in order to circumvent orders of the Eastern District of Washington's requiring pre-filing review of all actions filed by plaintiff and denying plaintiff permission to proceed *in forma pauperis* ("IFP") pursuant to the "three-strike" rule of 28 U.S.C. § 1915(g), *e.g.*, *McNeil v. Brandt, et al.*, No. C05-1043-RSL (E.D. Wa., June 14, 2005); *McNeil v. United States, et al.* No. CV-05-304-AAM (E.D. Wa., Oct. 7, 2005), has filed a complaint (Docket No. 1) and first amended complaint (Docket No. 5) in this Court seeking, *inter alia*, to force respondents to enforce a foreign judgment or stipulated order of judgment entered in the United States District, Eastern District of Washington, and claiming that he has been retaliated against and jailed for exercising his constitutional rights. This is the same type of complaint or claim he has brought in many of the other actions filed in the Eastern District of Washington and other district courts,

some of whom have transferred, pursuant to 28 U.S.C. § 1406(a), the cases filed in their districts to the Eastern District of Washington. *McNeil v. United States, et al.* No. CV-05-304-AAM (E.D. Wa., Oct. 7, 2005). Plaintiff, like he has in the other cases, seeks permission to proceed IFP pursuant to 28 U.S.C. § 1915. (Docket No. 2).

Because plaintiff has absolutely no connection to this District--he was neither convicted in this District nor incarcerated here--,seeks to enforce a judgment allegedly entered in the Eastern District of Washington, and is again trying to circumvent the Eastern District of Washington's orders declaring him a vexation litigant and denying his motions to proceed IFP because he has had three or more actions dismissed as frivolous, malicious or for failure to state a claim, this Court hereby denies plaintiff's motion to proceed IFP pursuant to 28 § 1915(g), and dismisses the complaint, in the interests of justice, pursuant to 28 U.S.C. § 1406(a).

Pursuant to 28 U.S.C. § 1915(g), a prisoner cannot bring a civil action IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Thus, when an inmate has garnered three "strikes," as they have come to be known, the motion for IFP must be denied unless plaintiff has asserted claims which indicate that he is in imminent danger of serious physical injury.

As noted above, plaintiff has had numerous cases dismissed by the Eastern District of Washington for strike reasons. *E.g., McNeil v. Brandt, et al.*, No. C05-1043-RSL.

2

Accordingly, pursuant to the mandate of 28 U.S.C. § 1915(g), plaintiff's motion for IFP status must be denied unless he has asserted a claim that he is under imminent danger of serious physical injury. Plaintiff has made no such showing of imminent danger of serious physical injury here, however, nor could he do so because he is attempting to enforce a judgment he claims was previously entered in Washington. His claims have nothing to do with his confinement in the Spokane County Jail or how he may be in imminent danger of serious physical injury there. Therefore, plaintiff's application to proceed IFP is denied

Additionally, 28 U.S.C. § 1406(a) provides that a district court in which a case has been improperly brought "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Because plaintiff is a vexatious litigant who has brought the same frivolous case over and over in numerous district courts throughout the county, this Court finds that a transfer of this case to the Eastern District of Washington would not be in the interest of justice and therefore the case is dismissed without prejudice.

Accordingly, plaintiff's motion to proceed *in forma pauperis* is denied and this action is dismissed without prejudice. All other motions filed by plaintiff (Docket Nos. 3 and 6) are denied as moot. The Clerk of the Court is directed to close this matter.

SO ORDERED.

DATED:    Buffalo, New York
          October 14, 2005

                                              _____
                                              JOHN T. ELFVIN
                                              UNITED STATES DISTRICT JUDGE